IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RAY ABRAHAM GARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15cv175-CSC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the plaintiff's motion for attorney fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d), filed on December 1, 2016. (Doc. # 16). The defendant does not object to an award of fees. *See* Doc. # 18.

On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 560 U.S. 586 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. That the motion for attorney's fees (doc. # 16) be and is hereby GRANTED and the plaintiff be and is hereby AWARDED fees in the amount of $4,431.23.

2. To the extent that plaintiff's counsel requests that fees should be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). *See also Reeves, supra*. The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 14th day of December, 2016.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE