IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RAY ABRAHAM GARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15cv175-CSC |
| ) | (WO) |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On September 12, 2017, the plaintiff filed a petition for authorization of attorney fees (doc. # 20) seeking an award of fees in the amount of $29,512.78. In his petition for fees, counsel for Garza asserts that he spent "a total of 54.30 hours over a period of 43 months representing the plaintiff in connection with his claim for Social Security Disability Benefits." (Doc. # 20 at 2). However, counsel acknowledged that he spent only 23.30 hours in this court. (*Id.*) Because counsel did not indicate whether he had petitioned for an award of attorney's fees for work performed at the administrative level, *see* 42 U.S.C. § 406(a), and it appeared that counsel was seeking an award of fees from awards received by the plaintiff's children who were not parties to the case before this court, the court directed counsel to file an amended petition for attorney's fees "seeking only an award of fees for work performed in this court on behalf of plaintiff Garza only." (Doc. # 23 at 2).

On October 6, 2017, counsel filed an amended petition for authorization of attorney's

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.

fees seeking $24,649.75. *See* Doc. # 24. Although the defendant does not object to an award of fees (docs. # 22 & 25), the court must be satisfied that an award is reasonable.

The plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to pay attorney's fees in the amount of 25% of any past due benefits awarded to him. (Doc. # 24, Ex. A). On March 19, 2015, the plaintiff sought review of the Commissioner's adverse decision in this court. (Doc. # 1, Compl.). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On September 13, 2016, the court remanded this case to the Commissioner with directions to award benefits to the plaintiff. (Docs. # 14 & 15).

On August 24, 2017, the plaintiff was awarded past due benefits, and the Social Security Administration withheld $24,649.75 from his past due benefits for payment of attorney's fees. (Doc. # 24, Ex. C). Plaintiff's counsel has not indicated whether he filed a petition for fees pursuant to 42 U.S.C. § 406(a) for work performed at the administrative level. Instead, counsel simply seeks an award of fees for the total amount of withheld benefits. In essence, plaintiff's counsel seeks to increase his hourly rate for the work done in this court. The court will not engage in such creative accounting, and more importantly, this court cannot award fees for work performed at the administrative level.[2] *See* 42 U.S.C. § 406(a). *See also Gisbrecht v. Barnhart*,

---

[2] 42 U.S.C. 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was *represented before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i)

2

535 U.S. 789, 794 (2002); *Gardner v. Mitchell*, 391 F.2d 582, 583 (5th Cir. 1968).[3]

When an attorney may seek fees pursuant to section 406(a) and 406(b), the aggregate amount may not exceed 25% of the amount of awarded past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970). Consequently, the court reduces the amount of fees sought by $6000.00, the amount counsel may be entitled to receive for work performed at the administrative level. After deducting that amount, $18,649.75 remains for an award of fees under § 406(b).[4]

While the United States does not oppose the award of fees, the court must independently determine whether an award of attorney's fees in the amount of $18,649.75 is reasonable in this case. The plaintiff's counsel asserts that he expended 23.30 hours[5] representing the plaintiff in this court which equates to an hourly rate of $800.42. In *Grisbrecht*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in

---

      of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b) (emphasis added).

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Plaintiff's counsel was previously awarded $4,431.23 in fees under the Equal Access to Justice Act ("EAJA"). *See* doc. # 19. In his petition for fees, counsel represents to the court that the amount of fees previously awarded to him under the EAJA "will be paid to the Plaintiff." *See* Doc. # 24 at 2, ¶ 5. The court will order him to do so.

[5] The court notes that plaintiff's counsel billed 2.5 hours to draft the original fee petition which contained 2.25 pages and four exhibits which borders on unreasonable and excessive.

Social Security disability cases. 535 U.S. at 794. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Gisbrecht*, 535 U.S. at 808.

"Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, at 807. The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. Counsel is seeking $18,649.75 in attorney's fees for 23.30 hours of work over an eighteen month period. Relying on his experience, and other awards of fees, counsel asserts that "the contingency nature of the case, the expertise and efficiency of Plaintiff's attorney," warrant the fee award. (Doc. # 20 at 3). The court recognizes that counsel regularly practices in federal court, and he secured a fully favorable decision for the plaintiff.

However, this court disapproves of attorneys billing at a professional hourly rate for services that can and are reasonably performed by support and clerical staff. In reviewing his

bill, the court notes that counsel billed for services that do not require the professional skill or expertise of an attorney such as the submission of a notice of appearance for another attorney, and mailing and receiving notices. (Doc. # 20, Ex. B). Thus, counsel is not entitled to compensation for performing these tasks. Finally, while the plaintiff was successful in this court, the three issues presented to the court were conclusorily argued. Consequently, the court concludes that reducing the plaintiff's request for fees by 25% is reasonable under the circumstances of this case.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b), the petitions for attorney's fees (doc. # 20 & 24) be and are hereby GRANTED, to the extent that the Commissioner shall pay to the plaintiff's attorney $13,987.31 of the amount previously withheld from the plaintiff's past due benefits. It is further

ORDERED that plaintiff's counsel shall pay to the plaintiff $4,431.23 which represents previously awarded fees under the Equal Access to Justice Act ("EAJA").

In all other respects, the motions for attorney's fees be and are hereby DENIED.

Done this 1st day of December, 2017.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE